## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) Case No. CF 0504-13 |
| | ) |
| vs. | ) |
| | ) DECISION AND ORDER ON |
| | ) DEFENDANT'S MOTION FOR |
| KALA JOE TAITAGUE, | ) JUDGMENT OF ACQUITTAL |
| | ) |
| Defendant. | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 30, 2014 upon Defendant Taitague's Motion for a Judgment of Acquittal. Attorney F. Randall Cunliffe represents Defendant. Assistant Attorney General James C. Collins represents the People of Guam ("the People"). For the reasons set forth below, the Court DENIES the Motion.

### BACKGROUND

On August 6, 2014, a jury found Defendant guilty of Possession of a Schedule II Controlled Substance On Board an Aircraft Arriving in Guam in violation of 9 G.C.A. § 67.604 and Possession of a Schedule II Controlled Substance in violation of 9 G.C.A. § 67.401.2; the same jury found Defendant not guilty of Importation of a Schedule II Controlled Substance, 9

*ORIGINAL*

G.C.A. § 67.601(a). At the close of the People's case-in-chief, Defendant made an oral Motion for a Judgment of Acquittal which the Court denied.

On August 11, 2014, Defendant filed her written Motion for a Judgment of Acquittal pursuant to 8 G.C.A. § 100.30, challenging only the § 67.604 guilty verdict—Possession of a Schedule II Controlled Substance On Board an Aircraft Arriving in Guam. The People responded in their Opposition to Motion for Acquittal Notwithstanding the Verdict on August 12. Defendant then replied on August 25.

On September 30, the Court heard oral argument and took the matter under advisement.

## DISCUSSION

### I. The Standard for a Judgment of Acquittal

Guam law provides that "[i]f a jury returns a verdict of guilty . . . a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged." 8 G.C.A. § 100.30. Upon such a motion, the trial court reviews the challenged verdict "to make a determination of the sufficiency of the evidence." People v. Enriquez, 2014 Guam 11 ¶ 13. Sufficiency is based on "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. ¶ 11 (citations omitted); see also 8 G.C.A. § 90.21 ("No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."). Thus, in its analysis the Court must afford the People "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." Enriquez, 2014 Guam 11 ¶ 13 (citations omitted).

### II. The Essential Elements of 9 G.C.A. § 67.604

To evaluate sufficiency of the evidence, a court must first determine the essential elements of the offense at issue. People v. Flores, 2004 Guam 18 ¶ 17 (citations omitted). Here, the fact that a prohibited substance was not entered in the manifest or part of the official supplies of the aircraft is not among the essential elements of § 67.604.

Section 67.604 proscribes "bring[ing] or possess[ing] on board any vessel or aircraft arriving in . . . Guam a controlled substance listed in Schedule I or II of this Act, unless such substance or drug is a part of the cargo entered in the manifest or part of the official supplies of the vessel or aircraft." 8 G.C.A. § 67.604(a) (emphasis added). Defendant has argued both during and after trial that it is the People's "burden to prove that the [substance or drug] was not on the manifest or part of the official supplies of the aircraft." (Def.'s Mot. for J. of Acquittal,

2). The People respond that the statute's clause following "unless" does not constitute an element, but rather an exception or affirmative defense that the People need not prove beyond a reasonable doubt. (People's Opp'n to Def.'s Mot. for J. of Acquittal, 3:3-7).

The Guam Supreme Court has defined "element" as the "constituent part of the offense which must be proved by the prosecution in every case to sustain a conviction under a given statute." People v. Root, 2005 Guam 16 ¶ 14 (emphasis and citations omitted); see also Black's Law Dictionary (9th ed. 2009) (defining "elements of crime" as "[t]he constituent parts of a crime-usu[ally] consisting of the actus reus, mens rea, and causation-that the prosecution must prove to sustain a conviction").

While the Guam Supreme Court has not directly addressed this issue, the federal circuits have been careful to keep elements distinct from exceptions or affirmative defenses to a crime. The First Circuit, to which Defendant cites, identified the essential elements of the federal counterpart to 9 G.C.A. § 67.604. See United States v. Franchi-Forlando, 838 F.2d 585, 591 (1st Cir. 1988). The court recognized that the "'listed in the manifest' portion of [21 U.S.C.] § 955 makes [it an] exception[] to a general rule of liability," and that "defendants may have to treat [it] as [an] affirmative defense[]." Id. (citations omitted); see also United States v. Barrios, 457 F.2d 680, 681 (9th Cir. 1972) (finding that in the related importation statute § 952(a), the "except" clause is an affirmative defense); United States v. Hill, 935 F.2d 196, 199 (11th Cir. 1991) (agreeing with the Second and Seventh Circuits that under § 952(a) the burden of proving that distribution of controlled substances was in accordance with regulations, an affirmative defense, rests on the defendant).[1]

---

[1] Although this case raises no double jeopardy implications, it is worthwhile to note that the Franchi-Forlando court conducted its analysis in response to a Blockburger challenge. Franchi-Forlando, 838 F.2d at 591; see Blockburger v. United States, 284 U.S. 299, 304 (1932). Noting a similarity with the facts underlying Blockburger itself, the court found that "the use of the words 'unless' or 'except' should [not] make a difference" in finding that the imposition of two similar statutes satisfies Blockburger. Franchi-Forlando, 838 F.2d at 591. Said another way, exceptions can render statutes with similar elements sufficiently different under Blockburger. But see United States v. Davenport, 519 F.3d 940, 945 (9th Cir. 2008) ("[We] decline to consider affirmative defenses . . . that do not directly negate an element of the crime but instead address mitigating circumstances, as 'facts' that 'require' proof for purposes of the Blockburger analysis."); Aparicio v. Artuz, 269 F.3d 78, 98 (2d Cir. 2001) (same).

More recently, the First Circuit went on to classify "individual exceptions to substantive crimes" as a "type of affirmative defense." United States v. Hartsock, 347 F.3d 1, 8 (1st Cir. 2003) (citations omitted); see also United States v. McArthur, 108 F.3d 1350, 1353 (11th Cir. 1997) ("[A] narrow proviso to a more general statutory offense is more likely to be an affirmative defense than an element of the offense."). To support this "link" between exceptions and affirmative defenses, the Hartsock court noted both that "it is possible to omit exceptions from the statute without doing violence to the definition of the offense," and that exceptions do not, in accord with the Supreme Court's description of affirmative defenses, "negative any facts of the crime." Hartsock, 347 F.3d at 6-7 (internal quotation marks and citations omitted).

Because the clause in § 67.604 uses excepting language ("unless"), its federal counterpart has been construed as an exception, and its omission would do no violence to the offense's definition, the Court is satisfied that it is not an element. Furthermore, whether the Court construes the clause as an exception or affirmative defense, statute mandates that Defendant bears the burden to prove the language applies at trial.

Defendant concedes that § 67.505.2 governs burdens of proof for exceptions, although her reading of the statute does not comport with the Court's. (Def.'s Reply to People's Opp'n to Mot. for J. of Acquittal, 1). Section 67.505.2 provides that the People need not "negate any exemption or exception in this Act in any . . . trial," and that "the burden of proof of any such exemption or exception shall be upon the person claiming its benefit." Similarly, the People need not disprove either "a defense . . . by proof at trial, unless the issue is in the case as a result of evidence at the trial sufficient to raise a reasonable doubt on the issue," or "any defense which a statute explicitly designates as an 'affirmative defense.'" 8 G.C.A. § 90.21.[2]

---

[2] According to at least the Ninth Circuit, the prosecution needs to prove the absence of some, but not all, affirmative defenses. See Davenport, 519 F.3d at 945 n.3. In Davenport, the court noted that different principles apply depending on the type of defense: "[I]f a[n affirmative] defense negates an element of the crime, rather than mitigates culpability once guilt is proven, it is unconstitutional to put the burden of proof on the defendant." Id. (alterations in original); see also Patterson v. New York, 432 U.S. 197, 206-07 (finding that the Constitution does not require the government to prove the nonexistence of all affirmative defenses, and that if a state "chooses to recognize a factor that mitigates the degree of criminality or punishment," then as long as such mitigating circumstance does not serve to negate any of the elements of the criminal offense, the state need not prove the mitigating factor's nonexistence). Here, however, the exception or affirmative defense is not one that negates an element of the crime, like, for instance, a mistake of fact defense that may negate mens rea.

Defendant's argument to the contrary is unpersuasive. She argues that § 67.505.2(c) places the "burden of going forward" on an individual to establish that a "vehicle, vessel or aircraft used in connection with controlled substances in Schedule I was used in accordance with the provisions of this Act"; by implication, any other section in the Act involving a Schedule II substance imposes the burden of proof on the People. (Def.'s Reply to People's Opp'n to Mot. for J. of Acquittal, 1).

This argument, which appears to be rooted in the canon of expressio unius est exclusio alterius, fails for numerous reasons. First, the Court agrees with the People that the burden included in subsection (c) seems to apply to § 67.502.1(a)(4), which provides that "vehicle[s], vessel[s], or aircraft" are subject to forfeiture if proven to have been "used" in connection with drug crimes. 9 G.C.A. § 67.502.1(a)(4). There is no apparent connection between the statutory burden for forfeiture proceedings and the burden of proof for exceptions and defenses in criminal proceedings.[3]

Secondly, Defendant's version of the statute ignores its plain language. An inquiry in statutory interpretation always "begins with the language of the statute," and the statute's plain meaning will prevail "where there is no clearly stated legislative intent to the contrary." Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27 ¶ 17 (citations omitted). Particularly with respect to expressio unius arguments, "courts have been warned to use this maxim prudently," and that the phrase is "meant to act as an interpretive rule, rather than act as a deliberate law." Rinehart v. Rinehart, 2000 Guam 14 ¶ 9 (citations omitted). This is especially so where, as here, the plain language runs directly counter to Defendant's position: "It shall not be necessary for the government to negate any exemption or exception in this Act . . . The burden of proof of any such exemption or exception shall be upon the person claiming its benefit." 9 G.C.A. § 67.505.2(a) (emphasis added). The Guam Legislature explicitly placed the burden of proof on defendants.

---

[3] As the People also point out, the subsection's language is identical to 21 U.S.C. § 885(c) for which there is no federal case law that supports Defendant's position.

## III.    Sufficiency of the Evidence

Because a rational trier of fact could have found the essential elements of 9 G.C.A. § 67.604 beyond a reasonable doubt, it would be inappropriate to set aside Defendant's guilty verdict. Indeed, Defendant does not contest the sufficiency of the People's evidence as it relates to elements apart from the statute's excepting language. Moreover, as discussed above, although the People did not produce evidence that Defendant failed to enter the prohibited item on the aircraft's manifest or that the item was part of the aircraft's official supplies, the People were not required to so do.

## IV.    The Omission of § 67.604's Contested Language from the Jury Instructions

Defendant next argues that by removing the statute's contested clause from the jury instructions, the Court functionally amended the indictment. (Def.'s Mot. for J. of Acquittal, 3). At trial, Defendant requested the Court to instruct the jury that § 67.604's excepting language constituted an element of the crime. Citing points similar to the above, the Court denied the request.

In the words of the Guam Supreme Court, "an amendment of an indictment occurs when the changing terms of the Indictment are altered by the prosecutor or court after the Grand Jury has passed upon them, and such amendment must be of a form not of substance to be permissible." People v. San Nicolas, 2013 Guam 21 ¶ 16. Defendant, however, offers no support for the proposition that altering jury instructions is tantamount to amending an indictment.

This second argument, moreover, suffers the same infirmity as the first: The relevant language did not constitute an element that the People needed to prove beyond a reasonable doubt, but rather an exception or affirmative defense that Defendant failed to invoke. Thus, because the clause was not "of substance" to the case, the Court did not err in removing it from the jury instructions. See State v. Boggs, 358 P.2d 124, 125-26 (Wash. 1961) (finding that the trial court was correct in not instructing the jury that "the state must prove beyond a reasonable doubt . . . that the possession was not within one of the exceptions authorized in the act" where the act provides for a burden of proof similar to Guam's § 67.505.2). The Court, thus, committed no error in the omission.

## CONCLUSION

In light of the foregoing, the Court DENIES Defendant Taitague's Motion for Judgment of Acquittal as it relates to the charge of Possession of a Schedule II Controlled Substance On Board an Aircraft Arriving in Guam in violation of 9 G.C.A. § 67.604. Sentencing shall be heard on January 14, 2015 at 3:00 p.m.

**IT IS SO ORDERED** this day of December 24, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

VIA COURT

I acknowledge that a copy of the original hereto was placed in the court box of:

AG5/Cunliffe

Date: 12/24/14     Time: 2:30pm